Filed 9/29/23  P. v. Hill CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
|    Plaintiff and Respondent, | G061690 |
|       v. | (Super. Ct. No. 09CF1955) |
| CURTIS JAMES HILL, | O P I N I O N |
|    Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Michael J. Cassidy, Judge.  Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Lynne G. McGinnis and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

Convicted of special circumstances felony murder in 2011, Curtis James Hill appeals the denial of his third petition for resentencing under Senate Bill No. 1437. (Stats. 2018, ch. 1015.)  That law allows defendants who were convicted of felony murder before 2019 to seek resentencing if 1) they were not the actual killer, 2) they did not aid and abet the actual killer in the commission of first degree murder, and 3) they were not a major participant in the underlying felony who acted with reckless indifference to human life.  However, in upholding the denial of appellant's first petition, we ruled he was ineligible for resentencing as a matter of law because the record of conviction shows he was the actual killer.  (*People v. Hill* (June 29, 2022, G060426) [nonpub. opn.] (*Hill I*).)  Appellant challenges that ruling in this appeal, but it is controlling under the law of the case doctrine.  Therefore, we affirm the trial court's order denying his current petition for resentencing.

## BACKGROUND

The factual and procedural background are set forth in *Hill I*, which we incorporate by reference.  That opinion reflects appellant was sentenced to life in prison without parole in 2011 after a jury found him guilty of murdering Cecil Warren during the commission of a robbery.  Although appellant was accompanied by John McKinney during the murder, the record of conviction shows appellant personally punched and kicked Warren in the face when he took his property.  The record also shows the jury found appellant's actions were a substantial factor in Warren's death, regardless of anything McKinney may have done to Warren during the robbery.  Therefore, in *Hill I* we affirmed the summary denial of appellant's initial petition for resentencing because he was convicted of murder as the actual killer.  (*Hill I, supra,* G060426, at pp. 6-8.)[1]

---

[1]  Appellant's initial petition was filed under former Penal Code section 1170.95.  That section has since been renumbered without substantive change as Penal Code section 1172.6.  (Stats. 2022, ch. 58, § 10.)  All further statutory references are to the Penal Code.

While his appeal in *Hill I* was pending, appellant filed his second petition for resentencing, on January 7, 2022. The trial court denied the petition for lack of jurisdiction due to appellant's pending appeal.

Less than a month later, appellant filed his third petition for resentencing, which is the subject of this appeal. In support of the petition, appellant's attorney noted that after appellant filed his initial resentencing petition in 2019, the Legislature passed Senate Bill No. 775 (SB 775). (Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.) That bill amended former section 1170.95 to clarify the rules for determining a defendant's eligibility for resentencing under that section.

In their written response, which was filed in February 2022, the People argued that none of the changes ushered in by SB 775 applied to appellant's case. Therefore, like his first petition, appellant's third petition should be denied for failure to state a prima facie case for resentencing.

We issued our opinion in *Hill I* on June 29, 2022, roughly six weeks before the hearing on appellant's petition. At the hearing, the prosecutor argued that in light of that decision, appellant's petition was barred under collateral estoppel principles. The trial court stated it was not inclined to consider that issue, since it had not been raised in the parties' briefs. Nevertheless, the court determined that nothing of substance had changed from the time appellant filed his initial petition. As was the case then, appellant was still ineligible for resentencing as a matter of law because the record of conviction proved he was convicted as the actual killer. Therefore, it denied his petition for failure to state a prima facie case.

In its written statement of decision, the trial court noted appellant never meaningfully addressed the fact his successive petitions were virtually identical. The court stated, "Although petitioner filed his first petition prior to the passage of SB 775, the amendments . . . wrought by [that bill] do not impact petitioner's case. Petitioner was already afforded appointment of counsel and a hearing. The felony

3

murder rule was already amended when petitioner filed his initial petition. Thus, the Court of Appeal [in *Hill I*] considered petitioner's case based on . . . the current state of the law to hold that petitioner is ineligible for relief as a matter of law. Petitioner does not identify any intervening circumstances that would warrant deviating from the appellate court's decision."

## DISCUSSION

Appellant contends the record of conviction does not establish he was convicted of felony murder as the actual killer. Therefore, not only is the trial court's ruling to the contrary incorrect, so was our prior decision in *Hill I*. In fact, the bulk of appellant's briefing is aimed at challenging *Hill I*'s holding that he is legally ineligible for resentencing because he was convicted of murder for actually killing Warren during the course of a robbery. However, we agree with respondent that the law of the case doctrine forecloses appellant's attempt to relitigate the merits of that decision.

"[W]hen an appellate court '"states in its opinion a principle or rule of law necessary to the decision, that principle or rule becomes the law of the case and must be adhered to throughout [the case's] subsequent progress, both in the lower court and upon subsequent appeal . . . ."'" [Citation.]" (*People v. Barragan* (2004) 32 Cal.4th 236, 246.) The law of the case doctrine "'"will not be adhered to where its application will result in an unjust decision, e.g., where there has been a "manifest misapplication of existing principles resulting in substantial injustice" [citation], or the controlling rules of law have been altered or clarified by a decision intervening between the first and second appellate determinations [citation]. The unjust decision exception does not apply [however] when there is a mere disagreement with the prior appellate determination.' [Citation.]" (*People v. Gray* (2005) 37 Cal.4th 168, 197, quoting *People v. Stanley* (1995) 10 Cal.4th 764, 787; see also *People v. Antonelli* (2023) 93 Cal.App.5th 712 [law of the case doctrine applies in the context of a subsequent petition for resentencing under section 1172.6].)

4

Relying on *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*), appellant asserts it would be unjust to find *Hill I* binding under the law of the case doctrine, or the related doctrine of collateral estoppel. In *Strong*, our Supreme Court refused to give preclusive effect to a jury's determination the defendant was a major participant in the underlying felony and acted with reckless indifference to human life, which would have rendered him ineligible for resentencing under section 1172.6, even though he was not the actual killer. They did so because the major participant and reckless indifference requirements had undergone considerable judicial refinement since the jury rendered its verdict in that case. (*Strong, supra*, 13 Cal.5th at pp. 715-718.)

However, *Strong* is inapt here because appellant's eligibility for resentencing does not turn on the major participant or reckless indifference requirements. Rather, he was found ineligible because he actually caused Warren's death. That is a separate disqualifying circumstance that has not changed since Senate Bill No. 1437 modified the felony murder rule in 2019. Therefore, as the People rightly contend, there is no justification for us to revisit our holding in *Hill I*.

Appellant argues the People forfeited their right to argue law of the case by failing to raise that issue in the trial court. However, the People filed their response to appellant's petition several months before *Hill I* was filed. And at the hearing on the petition, which took place just after that filing, the People argued appellant's right to resentencing was foreclosed by that opinion. Under these circumstances, and considering the applicability of the law of the case doctrine is a legal question subject to independent review (*Leider v. Lewis* (2017) 2 Cal.5th 1121, 1127), we reject appellant's forfeiture claim.

DISPOSITION

The trial court's order denying appellant's petition for resentencing is affirmed.


                                    BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.